---

EYSTER v. GAFF et al.

PARTIES IN ERROR — *semble.* Only parties and privies to a judgment can assign error thereon.

TIME OF APPLICATION TO BECOME PARTY. Those who desire to become parties to a judicial proceeding wherein they are interested, must apply in apt time.

The petitioner had omitted to apply to become party in the district court, though then interested. Nothing appearing to excuse the omission, leave to appear in the cause upon appeal was denied.

*Appeal from District Court, Arapahoe County.*

GAFF and others brought ejectment against Eyster in the Arapahoe district court, and at April term, 1872, judgment was given in favor of the plaintiffs. An appeal was prayed by Eyster, and the cause being brought to issue in this court, was argued at the February term, A. D. 1873. Judgment being reserved, one John Meechling, at the September sitting of the court, presented his petition to be let in to defend in this court, assigning for ground of his petition, that by the record it appears that the estate in controversy was lately the property of one George W. McClure, from whom the plaintiffs derive title, and who, before the beginning of this action, had been adjudged a bankrupt, and to whom petitioner had been appointed assignee. The petitioner also produced a certified copy of the assignment in bank-

ruptcy executed to him by the register, and bearing date before the institution of the ejectment. Nothing was shown to excuse the omission to apply in the lower court.

WELLS, J. The petition must be denied. The issues were made in the district court and tried there. The only questions to be considered in this court arise upon that record. To admit a new party now, unless in substitution for a deceased person, or one adjudged a bankrupt since the judgment below, or the like, would violate the rule that only parties and privies to judicial proceedings may assign error therein. Inasmuch as the assignee was not a party below, he cannot be prejudiced by the judgment, and he ought not to be heard to question its regularity. If those interested in a litigation of this character desire to interfere therein, they should apply for permission to do so in seasonable time. The case of *Herndon* v. *Howard*, 9 Wall. 664, which was relied on at the bar, seems not in point. In that case, Herndon, who was defendant below, became a bankrupt after perfecting his appeal. His assignee was properly admitted in the supreme court. Here the bankruptcy occurred long before the action was brought, and the bankrupt never was a party.

*Petition denied.*